[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15305
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00123-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GONZALEZ-FLORES,
a.k.a. Carlos Manuel Gonzalez,
a.k.a. Carlos Gonzalez,
a.k.a. Manuel C. Gonzalez,
a.k.a. Miguel Gonzalez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 3, 2018)

Before MARTIN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Miguel Gonzalez-Flores appeals his 36-month sentence for unlawful reentry after deportation or removal subsequent to a felony conviction.  He argues that his sentence is substantively unreasonable because, he says, the district court placed significant weight on his criminal history while ignoring his mitigating characteristics and failed to adequately justify its upward variance.  Because we conclude that Gonzalez-Flores's sentence is reasonable, we affirm.

**I**

Gonzalez-Flores pleaded guilty to one count of illegally reentering the United States after having been previously removed subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).  According to the presentence investigation report, Gonzalez-Flores, a Mexican national, has lived in the United States since age 11.  During that time, he has been convicted of felony possession of a controlled substance, along with 18 other crimes.  Those crimes include, among other things, resisting a public officer, driving under the influence (four times), possessing a firearm with the identification altered, possessing drug paraphernalia, possessing marijuana, and public intoxication.  Also, at the time of sentencing, one count of discharging a firearm into an occupied building was

2

pending against him in state court.  The PSI indicated that the sentencing guideline range was one to seven months imprisonment.

Neither party objected to the PSI at the sentencing hearing, and the district court adopted its findings and conclusions.  The court then addressed Gonzalez-Flores's "extensive criminal history"—referring to it as the "elephant in the room." The judge explained that Gonzalez-Flores's pending charge for discharging a firearm into an occupied building "got [his] attention," and the court heard evidence about the circumstances surrounding that charge.  Counsel for Gonzalez-Flores conceded that "there is evidence to find that [he] possessed a gun and shot it into the air" outside a nightclub, and given that evidence, suggested that a sentence between 12 and 18 months would be reasonable.  Consistent with its obligation under the plea agreement, the government requested "a low end range sentence or time served."  The district court found that a within-guidelines sentence was not appropriate under the circumstances and imposed a sentence of 36 months imprisonment.

## II

A district court must select a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public.  18 U.S.C. § 3553(a)(2).  In making its selection, the district court must also consider (1) the

nature and circumstances of the offense and the characteristics of the defendant, (2) the kinds of sentences available, (3) the sentencing guideline range, (4) the pertinent policy statements of the Sentencing Commission, (5) the need to avoid sentencing disparities among similarly-situated defendants, and (6) any need for restitution to victims. *Id.*

We review the reasonableness of a sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first determine if the district court committed a significant procedural error such as miscalculating the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the relevant Section 3553(a) factors, selecting a sentence based on erroneous facts, or failing to explain the sentence selected. *Gall v. United States*, 552 U.S. 38, 51 (2007). Assuming we find no procedural error, we then ask whether the sentence is substantively reasonable in light of the totality of the circumstances and the Section 3553(a) factors. *Id.* The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the Section 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612

F.3d 1160, 1190 (11th Cir. 2010). The guidelines are only one factor for the district court to consider, and we "may not presume that a sentence outside the guidelines is unreasonable." *Id.* at 1187.

On appeal, Gonzalez-Flores argues only that his sentence is substantively unreasonable. He asserts that the district court "focused unreasonably on one factor, Mr. Gonzalez-Flores's criminal history and pending charge, while ignoring his mitigating characteristics." Br. of Appellant at 7. But the weight to give to each factor under Section 3553(a) is a matter committed to the sound discretion of the district court, *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007), and the court is permitted to "attach great weight to one factor over others," *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted). Here, as the district court explained, Gonzalez-Flores "already had entered the United States illegally" multiple times, "had already committed all these other offenses," and then "on top of it, even if you take the best scenario," he had shot a firearm into the air outside a nightclub. It was reasonable for the district court to conclude that an above-guidelines sentence was appropriate considering "the nature and circumstances of the offense and the history and characteristics of this particular defendant."

Nor did the district court "ignor[e]" Gonzalez-Flores's mitigating circumstances. The court solicited arguments from him in mitigation and heard his

5

arguments regarding his time in the United States, his sense of home in the United States, and his lack of access to rehabilitative treatment. Even after Gonzales-Flores objected to the "degree of the upward variance" as "above and beyond what's required in this case," the court again pointed to Gonzalez-Flores's significant criminal history and the pending charge related to his discharge of a firearm. The court therefore did not ignore the mitigating circumstances, but instead considered them and found them to be outweighed by his past conduct. *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account.").

We also reject Gonzalez-Flores's argument that the district court "failed to adequately justify the extent" of its upward variance. Br. of Appellant at 7. The court made its rationale clear, referring to Gonzalez-Flores's criminal history as "extensive" and the "elephant in the room." The court specifically referenced Gonzalez-Flores's repeated re-entries into the United States, his past felonies, and his recent possession and discharge of a firearm at a nightclub. Given the deference owed to the district court's decision that the Section 3553(a) factors, on balance, justify the extent of the variance, we conclude that the district court did not abuse its discretion.

**AFFIRMED.**

6